UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____
BERLINCIA EASTERLING,                         )
on behalf of herself and all others similarly ) No. 09-CV-669 (WMS)(HBS)
similarly situated,                           )
Plaintiff                                     )
                                              )
v.                                            )
                                              )
COLLECTO, INC. d/b/a                          )
COLLECTION COMPANY OF AMERICA,                )
    Defendant                                 )
_____)

Plaintiff's Memorandum of Law in Opposition to
Defendant's Motion for Summary Judgment

Introduction

Plaintiff Berlincia Easterling is suing Defendant Collecto, Inc. under the Fair Debt Collection Practices Act (FDCPA),[1] for violations of 15 U.S.C. § 1692e and f, and their subsections.  Plaintiff is seeking statutory damages, attorney fees, and costs.  Collecto violated the FDCPA by sending a letter to Easterling – who had declared bankruptcy years earlier – in which Collecto falsely advised that she was not eligible for bankruptcy discharge of their student loans.  While it is true that Easterling did not seek to discharge her student loans when she filed bankruptcy in 2001, nothing prevented her from attempting to reopen her 2001 bankruptcy or from filing bankruptcy again.  In other words, just because Easterling chose not to file an adversary proceeding in 2001 to have her student loans discharged would not

---

[1] 15 U.S.C.§1692 et seq.

1

prevent her from filing such an action in a new or reopened bankruptcy in 2008 when Collecto falsely and misleadingly advised her she could no longer do so.  Thus, not only is Collecto not entitled to summary judgment, but after class certification and notice, Easterling will cross-move for summary judgment.

## Summary of Facts

On September 24, 2008, Collecto sent Easterling a letter (a) warning, "******ACCOUNT INELIGIBLE FOR BANKRUPTCY DISCHARGE******", and (b) advising that "Your account is NOT eligible for bankruptcy discharge and must be resolved."[2]  Collecto has admitted that, in addition to Ms. Easterling, it sent the same letter to 181 other individuals within one year of the date this action was filed.[3]  In deciding whether to send these letters to Easterling and the class members, Collecto adopted a simple process: (a) if an automated "bankruptcy scrub" shows that an individual filed bankruptcy, a clerk at Collecto would check the Bankruptcy Court docket sheet on PACER; (b) if the docket sheet showed that the debtor did not file an adversary proceeding seeking discharge of student-loan debt, Collecto's clerk would press the button to authorize the sending of the not-eligible-for-discharge letter.[4]  Easterling asserts that this practice, which Collecto applied to all class members in the same manner, is false, deceptive, unfair, and

---

[2] *See* Exhibit A to the Complaint.

[3] Plaintiff's Response to Defendant's Statement of Material Facts (hereinafter referred to "PSMF"), ¶ 13).

[4] *See* Commesso Deposition at 24-29, attached as Exhibit B to the accompanying Declaration of Kenneth R. Hiller (the "Hiller Declaration"), dated December 20,

unconscionable.

Accordingly, Easterling filed this lawsuit on behalf of herself and the other New York consumers to whom Collecto sent similar letters, claiming that Collecto's statement is false, misleading, deceptive, unfair, and unconscionable under FDCPA §§ 1692e, e(2)(A), e(5), e(10), f, and f(1).  That is, Easterling and the other class members could have filed adversary proceedings seeking a discharge in bankruptcy at any time they became subject to "undue hardship."  Merely filing bankruptcy without filing an adversary proceeding seeking a student-loan bankruptcy discharge does not prevent debtors from seeking such relief in the future.

In Easterling's case, by filing bankruptcy in 2001, Easterling did not lose the right to restart bankruptcy proceedings so as to seek an undue hardship discharge in 2008.  In fact, in the 10 years since Easterling filed bankruptcy: no court has determined that Easterling is not entitled to receive a hardship discharge; no court has determined that she is not entitled to reopen her bankruptcy; and no court has determined that Easterling is not entitled to file another bankruptcy.  As of today, Easterling still has the right to claim undue hardship and seek discharge of the debt in the course of a bankruptcy proceeding. (Plaintiff's Response to Defendant's Statement of Material Facts (hereinafter "PRDSMF"), ¶¶ 14-17).  Thus, Collecto's statement in 2001 that Easterling was "NOT eligible for bankruptcy discharge" was a false statement, which appears to have been made to induce Easterling to "negotiate the repayment of . . . [her] account."

---

2010 (Docket No. 26).

Legal Discussion

I.   Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[5]  A genuine issue of fact exists when "a reasonable jury could return a verdict for the nonmoving party," and facts are material to the outcome if the substantive law renders them so.[6]  The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact.[7]  The Court must draw all ambiguities and inferences in favor of the non-moving party.[8]

II.  The FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors" and thereby promote ethical business practices.[9]  The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct that

---

[5] Fed.R.Civ.P. 56(b).

[6] *Andersen v. Liberty Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

[8] *See Andersen*, 477 U.S. at 255.

[9] S. Rep. No. 382, 95th Cong., 1st Sess. 1, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696 (1977).

harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements made in connection with the collection of a debt.[10]

By protecting consumers from abusive, deceptive and unfair collection practices, the FDCPA insures that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.[11] And the FDCPA further insures that regardless of whether a consumer owes a debt, he or she will be treated in a reasonable and civil manner.[12]

To establish a violation of the Fair Debt Collection Practices Act one need only show that: (1) the plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant collecting the "debt" is a "debt collector" as defined, and (3) the defendant has engaged in any act or omission in violation of the prohibitions or requirements of the law.[13]

Because the Fair Debt Collection Practices Act is a strict liability statute, proof of one violation is sufficient to support summary judgment for a plaintiff.[14] In

---

*See also* 15 U.S.C. § 1692(c) and (e).

[10] 15 U.S.C. §§ 1692d, 1692e, and 1692f.

[11] 15 U.S.C. § 1692(e).

[12] *Baker v. G.C. Services Corporation*, 677 F.2d 775, 777 (9th Cir. 1982).

[13] *Kolker v. Duke City Collection Agency*, 750 F. Supp. 468, 469 (D.N.M. 1990); *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 175-76 (W.D.N.Y. 1988); *Withers v. Eveland*, 988 F. Supp. 942, 945 (E.D. Va. 1997); *Whatley v. Universal Collection Bureau, Inc.*, 525 F. Supp. 1204, 1206 (N.D.Ga. 1981).

[14] *See Hartman v. Meridian Financial Services, Inc.*, 191 F. Supp. 2d 1031, 1046 (W.D. Wis. 2002). The court adds that, "One false or misleading statement in a collection letter renders the entire communication false or misleading and constitutes one violation." *Id*. at 1047. *See also Cacace v. Luca*s, 775 F. Supp. 502, 505 (D. Conn. 1990); *Traverso v. Sharinn*, 1989 U.S. Dist.

light of this strict liability standard, a consumer need not show intentional conduct by the debt collector in order to be entitled to damages,[15] and there are no unimportant violations.[16]  Further, no proof of deception or actual damages is required to obtain statutory remedies.[17] The most widely accepted test for determining whether a collection letter violates the FDCPA is the one employed by this Circuit; an objective standard based on the least sophisticated consumer.[18] "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd."[19]

### III.  Plaintiff is a consumer; Defendant was trying to collect consumer debts

The FDCPA provides that "The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt."[20] Because anyone "allegedly obligated" to pay a debt is included in this definition, even a person incorrectly identified as obligated, such as a victim of mistaken identity or a legally unobligated

---

LEXIS 19100, *4 (D. Conn. Sept. 15, 1989). *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993).

[15] *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 36 (2d Cir. 1996)("Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.").

[16] *Bentley*, 6 F.3d at 63 (no nonactionable violations of FDCPA); *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1234 (5th Cir. 1997) (failure "to comply with any provision of the FDCPA" leads to liability).

[17] *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 307 (2d Cir. 2003); *Keele v. Wexler*, 149 F.3d 589, 593-94 (7th Cir. 1998); *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 781 (9th Cir. 1982).

[18] *Russell*, 74 F.3d at 34.  *See also, Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998).

[19]*Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993).

spouse, falls within the term "consumer."[21] Because Easterling is a natural person, she fits the definition of consumer.

The FDCPA provides that

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

Student loans are consumer debts within the FDCPA.[22]

### IV. Defendants are debt collectors

"The term 'debt collector' means any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[23]  Here, Collecto admits it is a debt collector.[24]

### V. Collecto has violated the FDCPA

Because the FDCPA is a strict liability statute, "a consumer need not show

---

[20] 15 U.S.C. § 1692a(3).

[21] *See, e.g.*, Goff, FTC Informal Staff Letter (Dec. 13, 1993) (person who lived with primary obligor of debt owed utility company may be "consumer" for purposes of FDCPA, with same rights to dispute debt as primary obligor; collector is not required to "go behind" creditor to determine if creditor is correct in seeking payment from third party).

[22] *See Kort v. Diversified Collection Services, Inc.*, 394 F.3d 530 (7th Cir. 2005); *Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260 (9th Cir. 1996); *Juras v. Aman Collection Services, Inc.*, 829 F.2d 739 ((9th Cir. 1987).

[23] 15 U.S.C. § 1692a(6).

[24] PSMF, ¶¶ 3-7.

intentional conduct by the debt collector to be entitled to damages."[25]  Proof of one violation is sufficient to support summary judgment for the plaintiff,[26] and *there are no unimportant* violations.[27]  No proof of deception or actual damages is required to obtain statutory remedies.[28] The most widely accepted test for determining whether a collection letter violates the FDCPA is the one employed by this circuit, an objective standard based on the least sophisticated consumer.[29] "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd."[30]

### A. The "least sophisticated consumer" standard

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."[31]  Claims under the FDCPA are evaluated under the "least sophisticated consumer" standard.[32]  Under this standard, "collection notices can be deceptive if they are

---

[25] *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996).

[26] *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2nd Cir. 1993).

[27] *Bentley*, 6 F.3d at 63 (no nonactionable violations of FDCPA); *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1234 (5th Cir. 1997) (failure "to comply with any provision of the FDCPA" leads to liability).

[28] *Baker*, 677 F.2d at 780.

[29] *Baker*, 677 F.2d at 778.

[30] *Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993).

[31] 15 U.S.C. § 1692e.

[32] *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993).

open to more than one reasonable interpretation, at least one of which is inaccurate."[33]  Nevertheless, "the courts have carefully preserved the concept of reasonableness," and therefore "even the 'least sophisticated consumer' can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care."[34]  Whether a particular debt collection letter is deceptive or misleading from the viewpoint of the least sophisticated consumer is ordinarily a matter of law for the court to decide.[35]

    C.    **Defendants Violated 15 U.S.C. §1692e and f, and their subdivisions, by falsely stating that Easterling's "ACCOUNT [was] INELIGIBLE FOR BANKRUPTCY DISCHARGE" and that "Your account is NOT eligible for bankruptcy discharge and must be resolved."**

The FDCPA provides for both specific and general prohibitions against deceptive, unfair, false, fraudulent, and misleading conduct.  FDCPA § 1692e contains three provisions that are especially relevant here:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
>     …(2) The false representation of—
>
>         (A) the character, amount, or legal status of any debt . . .
>
>     …(5) the threat to take any action that cannot legally be

---

[33] *Id.* at 1319.

[34] *Id.*

[35] *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62-63 (2d Cir. 1993).

9

> taken or that is not intended to be taken.
>
> …(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.[36]

Another such provision, which appears in FDCPA § 1692f, provides as follows:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt…[37]

Defendants have violated these provisions through their false statements, in the letter dated September 24, 2008, that Easterling could no longer attempt to have her debt discharged in bankruptcy.

### 1. Easterling could have filed a new bankruptcy or sought a discharge of her student loan

Easterling and the members of the proposed class all incurred student loan indebtedness and later filed for bankruptcy relief under Title 11 of the United States Code (the "Bankruptcy Code"). The relevant section of the Bankruptcy Code, § 523(a)(8), provides that student loan indebtedness will generally *not* be discharged in bankruptcy proceedings "unless excepting such debt from discharge under this paragraph would impose an undue hardship on the debtor and the debtors dependents . . . ."[38]

The general discharge order entered by the bankruptcy court in most bankruptcy proceedings does not discharge student loan indebtedness under 11

---

[36] 15 U.S.C. § 1692e.

[37] 15 U.S.C. § 1692f.

[38] 11 U.S.C. § 523(a)(8).

U.S.C.§523(a)(8).  In order for a student loan to be discharged under that section, a debtor must bring an adversary proceeding seeking such relief and be granted a discharge by the court.  Absent such a specific determination by the court, the loan is not discharged.  None of the proposed class members, including Easterling, obtained a discharge under §523(a)(8).

Nevertheless, it was false and deceptive for Collecto to advise stated to them in their letters that their debts were "ineligible for bankruptcy discharge".  To quote Ira Gershwin: "It Ain't Necessarily So."[39] While it is true that there was no finding in the proposed class members' bankruptcy petitions that their student loans were dischargeable, there was also no finding that they were not dischargeable. That is, all of the proposed class members could have obtained, and may still obtain, a discharge of their student-loan indebtedness. Easterling and the other class members could do this in one of two ways:

- They could file a new bankruptcy petition and seek a discharge of their student loans in the new proceeding; or
- They could reopen their prior bankruptcy case for the purpose of filing a proceeding seeking a discharge of their student loan(s).

While there are limitations, these limitations are not insurmountable. The limitations essentially go to the issue of when and how an individual who has already filed a bankruptcy and not sought a student-loan discharge in the first instance can later bring an adversary proceeding before the Bankruptcy Courts to

---

[39] *Porgy and Bess* (1935).

seek a discharge. In other words, the limitations go to the timing and strategy involved in bringing matters before the bankruptcy court, *not* whether a petitioner qualifies for a "undue hardship" discharge. Essentially, as long as an individual suffers some kind of setback that meets the definition of "undue hardship" under the Bankruptcy Code, that individual will be able to seek a discharge.

For example, an individual may face procedural obstacles to filing a new bankruptcy petition. A debtor is not eligible to receive a discharge of indebtedness in a Chapter 13 proceeding if they had filed a prior Chapter 13 petition in the preceding two years or a Chapter 7 petition in the preceding four years.[40] The debtor would also have to meet all of the other criteria necessary to obtain confirmation of a Chapter 13 plan, and ultimately a discharge. They would also have to bring a successful adversary proceeding to obtain a discharge of the student loan. And a debtor could not file a new Chapter 7 case if he or she had been granted a discharge in a prior Chapter 7 petition filed in the preceding eight years or if they had received a discharge in a Chapter 13 case filed in the preceding 6 years and meet other requirements provided for in the statute.[41] The debtor would also have to meet all of the other requirements necessary to be a Chapter 7 debtor. But none of these short-term hurdles affect eligibility for a bankruptcy discharge.

Thus, in Easterling's case, she filed Chapter 7 bankruptcy on August 27, 2001. Collecto mailed the letter advising her she was ineligible to obtain a bankruptcy discharge on September 24, 2008. Easterling would have been eligible

---

[40] 11 U.S.C.§1328(f)(1) and (2).

12

to file a Chapter 13 petition at that time, or could have waited until August 28, 2009 to file a new Chapter 7 proceeding. Whether she was otherwise eligible to file under either Chapter, or whether she was eligible for a hardship discharge under 11 U.S.C.§523(a)(8), would have been decisions that could have to be made by the Bankruptcy Court. Collecto's admonition that Easterling's loan was not eligible for a bankruptcy discharge was deceptive in that it presumed to know how a Bankruptcy Court Judge would have ruled in such a proceeding had Easterling brought one in connection with a new bankruptcy filing.

In the alternative, Easterling, and all of the class members, could have attempted to reopen their prior bankruptcy cases to seek a student-loan discharge. Section 350(b) of the Bankruptcy Code provides that a bankruptcy case may be reopened to accord relief to the debtor or for other cause. Whether cause exists to reopen the bankruptcy case, and whether, if the case is reopened, to grant the debtor a hardship discharge on his or her student loans would be matters to be decided by the Bankruptcy Court. But the letter to Easterling, and the other proposed class members, states categorically that her debt is not eligible for a bankruptcy discharge. This is an inaccurate and deceptive representation because no such determination had been made, and it would be impossible to predict the outcome of proceedings that the class members might have commenced.

I. Conclusion

For the reasons set forth herein, Plaintiff respectfully requests that

---

[41] 11 U.S.C.§727(a)(8) and (9).

Defendant's motion for summary judgment be denied.

Dated:  February 23, 2011

                                PLAINTIFF, BERLINCIA EASTERLING,
                                Individually And On Behalf Of The Class,

                         By:  /s/ Kenneth R. Hiller
                            Kenneth R. Hiller
                            One of Plaintiff's Attorneys

**Attorneys for Plaintiff**
Brian L. Bromberg
Bromberg Law Office, P.C.
40 Exchange Place, Suite 2010
New York, NY 10005
Tel: (212) 248-7906

Kenneth R. Hiller
Law Offices of Kenneth Hiller
6000 North Bailey Ave, Suite 1A
Amherst, NY 14226
Tel: (716) 564-3288

## Certificate of Service

I hereby certify that on this February 23, 2011, a copy of the foregoing Memorandum of Law in Support of Motion for Certification of the Class was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: February 23, 2011

                                        /s/ Kenneth R. Hiller
                                        Kenneth R. Hiller