*IN THE UNITED STATES DISTRICT COURT*
*FOR THE WESTERN DISTRICT OF NEW YORK*

---

BERLINCIA EASTERLING, on behalf of herself and all others similarly situated,

DOCKET No.:09-CV-669 (WMS)(HBS)

Plaintiff,

-against-

COLLECTO, INC., d/b/a COLLECTION COMPANY OF AMERICA,

Defendant.

---

### *REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT*

This Memorandum is submitted in further support of defendant's motion for summary judgment and in reply to the Memorandum of Law and additional documentation submitted by plaintiff's counsel dated February 23, 2011.

Despite plaintiff's lengthy recitation of the procedural history and facts of the case she has not raised any dispute with the facts or procedural history as detailed by movant. Indeed, from a reading of both the initial moving papers and plaintiff's opposition it is readily apparent that the only question at hand is whether, as a matter of law, the collection account at issue was ineligible for bankruptcy discharge at the time that defendant sent a letter (Exhibit "A" to Complaint) indicating that it was not. Defendant respectfully submits that, as a matter of law, this account was not eligible for bankruptcy discharge; its letter was in no way deceiving or contained any misrepresentations; and that plaintiff therefore fails to make out a cognizable cause of action for a violation of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. §1692, *et seq.*

After the repetitive and unnecessary recitation of the facts and procedural history in plaintiff's counsel's Memorandum of Law, he follows with "legal discussion" that amounts to a several page treatise on the history and purpose of the Fair Debt Collection Practices Act. This apparent "canned brief" lends nothing to this case. Defendant's motion for summary judgment does not argue the intent, purpose, history or language contained in the FDCPA. Further, interpretation of the FDCPA is wholly unnecessary to the analysis of the single question upon which this motion will turn.

Plaintiff's counsel's repetition and inclusion of unnecessary legal discussion replete with statutory and case citations does nothing to add to the analysis of the merits of this case. Instead it seems more targeted toward to lengthening his Memorandum of Law and concealing the fact that when he actually reaches the merits of this case, citations to legal authority are tellingly lacking.

At page 11 of his Memorandum of Law, plaintiff's counsel finally reaches an argument attempting to create a question of fact as to whether indeed the collection account at issue was not dischargeable in bankruptcy. Counsel gives two possibilities which could allegedly create a scenario where the debt was possibly dischargeable in the form of (1) a new bankruptcy petition; or (2) re-opening of the prior case. However, counsel does not cite any legal authority to overcome defendant's showing in the initial moving papers that laches and estoppel prevent such activity.[1]

---

[1]   The moving papers establish that non-dischargeability of student loans is self-executing and it is the debtor's burden to prove dischargeability. United States v. Wood, 925 F.2d 1580, 1583 (7th Circuit 1991). *See also* Buford v. Higher Education Assistance Foundation, 85 B.R. 579 (D. KAN., 1988)(It is the debtor's burden to commence and prosecute an adversary proceeding claiming undue hardship and bankruptcy law does not protect debtor who does not claim hardship).

Indeed, the only citation for plaintiff's legal theory comes from the opera <u>Porgy & Bess</u>, for the proposition that "it ain't necessarily so." Plaintiff's counsel seems enamored with this particular production, citing it for the second time in papers related to this case. Counsel should apply it to his own submissions, however, and understand that just because <u>he</u> says that something is so, "it ain't necessarily so." *Id* Counsel's reference to opera is an obvious attempt to use humor and parable to conceal the fact that plaintiff's argument is not supported by legal authority.

### *SUMMARY JUDGMENT SHOULD BE APPROPRIATELY GRANTED*

Laches prevents a debtor from asserting an undue hardship claim long after a bankruptcy proceeding. See In Re <u>Walker</u>, 427 B.R. 471 at fn 29 (BAP, 8th Cir., 2010) ("Laches is an equitable defense based on all the particular circumstances of each case including the length of delay, the reasons for it, its effect on the defendant, and the overall fairness of permitting the plaintiff to assert his or her action." *Internal quotations omitted*). In this case, where the plaintiff specifically noted the non-dischargeability of her own debt in her bankruptcy papers (Exhibits "C" and "D" to moving papers at paragraphs 19-20), laches certainly applies.

As discussed in defendant/movant's principal Memorandum of Law, the debtor bears the burden of challenging the presumption of nondischargeability with an adversary proceeding in his or her bankruptcy proceeding. <u>United States v. Wood</u>, 925 F.2d 1580, 1583 (7th Circuit 1991). *See also* <u>Buford v. Higher Education Assistance Foundation</u>, 85 B.R. 579 (D. KAN., 1988); <u>United States v. Bradburn</u>, 75 BR. 108 (S.D. IND., 1987); In Re <u>Frech,</u> 62 B.R. 235 (Bankr. D. MINN., 1986); In Re <u>Bawden</u>, 55 B.R. 459 (Bankr. M.D. ALA., 1985); In Re <u>Keenan</u>, 53 B.R. 913 (Bankr. D. CONN., 1985); In Re <u>Fitzgerald</u>, 40 B.R. 528 (Bankr. E.D. PA., 1984); In Re <u>Washington</u>, 41 B.R. 211, (Bankr. E.D. VA., 1984); In Re <u>Wright</u>, 7 B.R. 197

(Bankr. N.D. ALA., 1980). Failure to do so results in a presumption of nondischargeability. Buford, 85 B.R. at 581.

Plaintiff did not commence an adversarial proceeding and the doctrine of laches now prevents her from doing so. Since plaintiff could not have obtained a discharge of the debt at issue from the United States Bankruptcy Court or any other Court as of the date that defendant mailed the letter annexed as Exhibit "A" to plaintiff's Complaint, there was no language in said letter which was in any way deceiving, untrue or a misrepresentation. Thus, there are no questions of fact and, as a matter of law, the letter which forms the basis of plaintiff's cause of action does not contain any language violative of the FDCPA.

In sum, plaintiff's opposition consists of several pages of reiteration of the undisputed facts which defendant respectfully submits warrant summary judgment; followed by several pages of unnecessary repeated history of the FDCPA; followed by a few paragraphs, unsupported by case law, arguing the existence of a contrived question of fact. None of this warrants denial of the within motion for summary judgment.

It is respectfully submitted that defendant's initial moving papers establish its entitlement to judgment as a matter of law under Federal Rule of Civil Procedure 56 and dismissal of the within Complaint. It is therefore respectfully submitted that summary judgment should be granted.

## *CONCLUSION*

It is respectfully submitted that the undisputed facts are such that plaintiff could not have obtained a discharge of the debt at issue from the United States Bankruptcy Court or any other Court as of the date that defendant mailed the letter annexed as Exhibit A to plaintiff's Complaint. As a result of this, there was no language in said letter which was in any way

deceiving, untrue or in any way a misrepresentation.

The foregoing facts are undisputed and under these facts, as a matter of law, defendant must be found not to have committed any violation of the FDCPA.

For all of the foregoing reasons, it is respectfully submitted that defendant is entitled to summary judgment dismissing the within Complaint in its entirety and with prejudice.

Dated:  Hicksville, New York
March 14, 2011

        Yours, etc.

        **MINTZER, SAROWITZ, ZERIS LEDVA & MEYERS, LLP**

    BY: ___/s/_____
        **BRADLEY J. LEVIEN, ESQ.**
        *Attorney for Defendant*
        Suite 200, 17 West John Street
        Hicksville, NY 11801
        (516) 939-9200
        File No. 008992.000001

*IN THE UNITED STATES DISTRICT COURT*
*FOR THE WESTERN DISTRICT OF NEW YORK*

---

| | |
|---|---|
| BERLINCIA EASTERLING, on behalf of herself and all others similarly situated, | DOCKET No.:09-CV-669 (WMS)(HBS) |
| Plaintiff, | |
| -against- | |
| COLLECTO, INC., d/b/a COLLECTION COMPANY OF AMERICA, | |
| Defendant. | |

---

### *CERTIFICATE OF SERVICE*

BRADLEY J. LEVIEN, an attorney duly licensed to practice law in this Court certifies:

1) I am over the age of 18 years and not a party to the above matter.

2) On March 14, 2011, I served a true copy of Defendant's Reply Memorandum of Law in Support of its Motion for Summary Judgment using the CM/ECF system, which sent notification of such filing to the email address designated by the following for that purpose to:

**LAW OFFICES OF KENNETH HILLER**
6000 North Bailey Ave, Suite 1A
Amherst, NY 14226

**BROMBERG LAW OFFICE, P.C.**
40 Exchange Place, Suite 604
New York, NY 10005

BY: ____/s/_____
**BRADLEY J. LEVIEN, ESQ.**
*Attorney for Defendant*
Suite 200, 17 West John Street
Hicksville, NY 11801
(516) 939-9200
File No. 008992.000001