UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BERLINCIA EASTERLING,

                Plaintiff,

   -vs-                                                       09-CV-669-JTC

COLLECTO, INC.,

                Defendant .

       By order of Chief United States District Judge William M. Skretny dated July 6, 2011 (Item 40), this matter has been reassigned to the undersigned for all further proceedings.

       In this action, plaintiff Berlincia Easterling claims that defendant Collecto, Inc. sent her a false, misleading, or deceptive student loan debt collection letter in violation of certain provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Plaintiff has moved pursuant to Rule 23 of the Federal Rules of Civil Procedure to certify a class of student loan debtors who "were sent a debt collection letter by [defendant] . . . in a form materially identical or substantially similar to the letter sent to Plaintiff" (Item 26, p. 1), and defendant has moved pursuant to Fed. R. Civ. P. 56 for summary judgment to dismiss the complaint in its entirety (Item 28).

       For the reasons that follow, defendant's motion for summary judgment is granted. Because the summary judgment motion disposes of this case, the court will not address plaintiff's class certification motion.

## BACKGROUND

In or around 1987, plaintiff obtained a student loan guaranteed by the United States Department of Education (Item 28-6, ¶ 1). Plaintiff's student loan balance remained due and owing in the amount of $2,469.00 when she filed a petition under Chapter 7 of the Bankruptcy Code on August 23, 2001 (*id.* at ¶¶ 2, 3, 9). She prepared her bankruptcy case with the advice of legal counsel, and listed her unsecured non-priority claims on "Schedule F" (*id.* at ¶¶ 5, 15; Item 28-5, pp. 7-10). On her "Schedule F" she characterized her student loan debt as "not dischargeable," and she did not attempt to obtain a discharge of her student loan debt by showing in an adversary proceeding that repaying the loan would cause her undue hardship, as required by the Bankruptcy Code (Item 28-5, p. 9; Item 28-6, ¶ 23); *see* 11 U.S.C. § 523(a)(8) (excepting student loan debt from discharge in bankruptcy "unless excepting such debt from discharge . . . would impose an undue hardship on the debtor"); Fed. R. Bankr. P. 7001(6) (requiring an adversary proceeding "to determine the dischargeability of a debt"). Plaintiff acknowledges that she had the right to claim undue hardship in this manner, but she did not pursue this relief during the pendency of her 2001 bankruptcy case (Item 28-6, ¶¶ 23, 31). As a result, plaintiff's student loan debt was not discharged upon the conclusion of the bankruptcy case on November 29, 2001, and the debt remained due and owing thereafter (*id.* at ¶¶ 35, 36; Item 28-5, p. 12).

Defendant Collecto, Inc. is primarily in the business of collecting debts, and is experienced in collecting overdue student loans (Item 28-7, pp. 7, 8). Defendant has a contract with the Department of Education to collect overdue student loans, and has assigned a manager specifically to the Department of Education contract to ensure

compliance with agency guidelines and federal laws (*id.* at 6). The record demonstrates that defendant has specific internal procedures for its employees to follow when attempting to collect overdue student loans owed by bankrupt debtors (*id.* at 15, 16). When defendant's employees learn that a student loan debtor has filed for bankruptcy, the debt collectors suspend collection activity and assign the overdue account to an administrative resolution department to determine whether the student loan debt was discharged in bankruptcy (*id.* at 32, 33). The administrative resolution clerks examine each bankruptcy filing; and if the student loan debt was discharged in bankruptcy, defendant sends the account back to the Department of Education because the debts cannot be collected (*id.* at 16, 26). However, if the administrative resolution clerk finds that the bankrupt student loan debtor did not initiate an undue hardship adversary proceeding to discharge the debt, defendant recommences collection efforts by mailing a letter to the debtor indicating that the student loan debt is not dischargeable (*id.* at 33, 35-38).

Defendant attempted to collect plaintiff's overdue student loan debt by sending plaintiff a form letter dated September 24, 2008, that stated:

***IMPORTANT NOTIFICATION***

*****ACCOUNT INELIGIBLE FOR BANKRUPTCY DISCHARGE*****

Your account is NOT eligible for bankruptcy discharge and must be resolved.
(Item 28-3, ¶ 16).

Plaintiff then commenced this action on July 9, 2009, alleging that this language in the collection letter violated the FDCPA (Item 1). Specifically, plaintiff claims that defendant's characterization of her student loan debt as "ineligible for bankruptcy discharge" is a false, deceptive, or misleading representation of her student loan debt

-3-

because the possibility exists that she could either reopen her 2001 bankruptcy case or file a new bankruptcy case, and then seek a discharge of her student loan debt (*see* Item 36, pp. 1, 2). Plaintiff has moved to certify a class of student loan debtors to whom Collecto sent a debt collection letter "in a form materially identical or substantially similar to" the September 24, 2008 letter she received (Item 26, p. 1), and defendant has moved for summary judgment to dismiss this claim in its entirety.

For the reasons that follow, defendant's motion for summary judgment is granted, and the complaint is dismissed.

## DISCUSSION

### I.   Summary Judgment

Rule 56 provides that summary judgment is warranted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party", and facts are "material" if they "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In reaching a summary judgment determination, the court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *Aetna Cas. and Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 574 (2d Cir. 2005). The moving party bears the initial burden of establishing that there are no genuine issues of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). That burden may be satisfied by pointing out the absence of evidence to support the non-movant's claims.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once this initial showing is made, the non-moving party may defeat summary judgment only by producing evidence of specific facts that raise a genuine issue for trial. *Anderson*, 477 U.S. at 256; *Samuels v. Mockry*, 77 F.3d 34, 36 (2d Cir. 1996). Mere conclusory allegations are insufficient and "[t]here must be more than a 'scintilla of evidence,' and more than 'some metaphysical doubt as to the material facts'" to defeat a motion for summary judgment. *Delaware & Hudson Railway Co. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252, and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), *cert. denied*, 500 U.S. 928 (1991).

The trial court's function at the summary judgment stage "is carefully limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Svc, Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994); *see also Keystone Mfg Co. v. Jaccard Corp.*, 394 F. Supp. 2d 543, 549 (W.D.N.Y. 2005).

## II.  Fair Debt Collection Practices Act

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection, and requires that such debt collectors advise the

consumers whose debts they seek to collect of specified rights." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

Plaintiff alleges that by sending the "ineligible for bankruptcy discharge" collection letter to plaintiff and other bankrupt student loan debtors, defendant violated the general prohibition of section 1692e (prohibiting a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt"); as well as the specific prohibitions of subsections e(2)(A) (prohibiting a debt collector from falsely representing "the character, amount, or legal status of any debt"); e(5) (prohibiting a debt collector from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken"); and e(10) (prohibiting a debt collector from "us[ing] … any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer"); and, in addition, section 1692f (prohibiting a debt collector from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt").

In this Circuit, the question of whether a debt collector's communication complies with the FDCPA is determined from the perspective of the "least sophisticated consumer," in an effort to ensure that gullible and shrewd consumers alike are protected from abusive debt collection practices. *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). The "least sophisticated consumer" standard applies to violations of both sections 1692e and 1692f, *Hasbrouck v. Arrow Fin. Servs.*, 2011 WL 1899250, at *3 (N.D.N.Y. May 19, 2011), and, therefore, the court will analyze each of plaintiff's statutory claims under this standard.

A.     15 U.S.C. § 1692e, e(2)(A), e(5), and e(10)

Section 1692e of the FDCPA provides sixteen specific and nonexclusive prohibited debt collection practices, in addition to generally prohibiting a debt collector from "us[ing] any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  Under the "least sophisticated consumer" standard, "collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon*, 988 F.2d at 1319. However, courts have carefully preserved the concept of reasonableness, and have been unwilling to extend the FDCPA's protections to "'every bizarre or idiosyncratic interpretation' of a collection notice." *Id*. (quoting *Rosa v. Gaynor*, 784 F. Supp. 1, 3 (D. Conn. 1989)).

Plaintiff argues that the collection letter sent by defendant stating that her student loan debt was "ineligible for bankruptcy discharge" was inaccurate because it is technically possible that plaintiff's student loan debt could be discharged in bankruptcy (*see* Item 36 at 11).  Plaintiff maintains that she could either reopen her 2001 bankruptcy case or file a new bankruptcy case, and then seek a discharge of her student loan debt in an adversary proceeding by showing undue hardship (*id.*).  While it is well settled that student loans are presumptively nondischargeable in bankruptcy, *U.S. Aid Funds, Inc. v. Espinosa*, ___ U.S. ___, ___, 130 S. Ct. 1367, 1381 n.13 (2010) (discussing the effect of 11 U.S.C. § 523(a)(8)), the Bankruptcy Code provides an exception that student loans can be discharged if forcing repayment "would impose an undue hardship on the debtor . . ." *See* 11 U.S.C. § 523(a)(8).  However, the "debtor bears the burden of proof to show undue hardship under Code § 523(a)(8)."  *In re Pincus*, 280 B.R. 303, 310 (Bankr. S.D.N.Y.

2002); see also *In re Thoms*, 257 B.R. 144, 148 (Bankr. S.D.N.Y. 2001); *United States v. Wood*, 925 F.2d 1580, 1583 (7th Cir. 1991).

Here, plaintiff has neither reopened her 2001 bankruptcy case nor filed a new bankruptcy case to seek a discharge of her student loan. In her original bankruptcy case filed with the advice of counsel in 2001, she never even attempted to bring an adversary proceeding to show that repaying her student loan would cause her undue hardship (Item 28-6, ¶¶ 23, 31). In the court's view, it is difficult to understand how plaintiff believes that defendant's 2008 characterization of her student loan debt as "ineligible for bankruptcy discharge" is inaccurate, when she failed to exercise her available legal rights from 2001 through the present to overcome the presumption that her student loan debt was not dischargeable. If plaintiff wants to challenge this presumption of nondischargeability, she still has the opportunity to do so in bankruptcy court. However, until she can make a showing of undue hardship, her student loan debt is, in fact, not dischargeable in bankruptcy, and the representation in defendant's collection letter is not inaccurate.

In addition, the difficult nature of prevailing in an undue hardship adversary proceeding undermines the reasonableness of plaintiff's interpretation of defendant's letter. To obtain an undue hardship discharge, the Second Circuit requires a student loan debtor to prove:

> (1) that she cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans;
>
> (2) that additional circumstances exist indicating that this current state of affairs is likely to persist for a significant portion of the repayment period; and
>
> (3) that she has made good faith efforts to repay the loans.

*In re Davis*, 373 B.R. 241, 245 (Bankr. W.D.N.Y. 2007) (citing *Brunner v. N.Y. Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (2d Cir. 1987)). The "additional circumstances" prong of the *Brunner* test is a high threshold for a student loan debtor;[1] to satisfy this prong, courts often require a debtor to show the existence of rare or severe predicaments such as "illness, disability, a lack of useable job skills, or the existence of a large number of dependents." *In re Davis*, 373 B.R. at 250 (quoting *In re Oyler*, 397 F.3d 382, 386 (6th Cir. 2005)).

While this court is not tasked with adjudicating whether plaintiff has satisfied the elements of the *Brunner* undue hardship test, it is important to understand that obtaining a discharge of a student loan is not achieved merely by filing an adversary proceeding; there is a high burden of proof that a debtor must satisfy. Plaintiff's argument assumes that this high burden of proof will be satisfied, when she has not even attempted to make an adversary undue hardship claim to overcome the presumption of nondischargeability. Plaintiff's interpretation of the collection letter rests on an assumption that, simply, is not reasonable.

Accordingly, no reasonable jury could find that defendant's collection letter was false, deceptive, or misleading; and therefore, defendant is entitled to summary judgment dismissing plaintiff's section 1692e claim.

---

[1] *See, e.g., In re L.K.*, 351 B.R. 45, 54 (Bankr. E.D.N.Y. 2006) (quoting *Brunner*, 831 F.2d at 396 ("The ['additional circumstances'] prong puts into effect 'the clear congressional intent exhibited in section 523(a)(8) to make the discharge of student loans more difficult than that of other nonexcepted debt.'")); *In re Frushour*, 433 F.3d 393, 401 (4th Cir. 2005) (characterizing the "additional circumstances" prong as "a demanding requirement") (internal citations omitted); *Educ. Credit Mgmt. Corp. v. Curiston*, 351 B.R. 22, 29 (D. Conn. 2006) ("[T]he additional circumstances element sets a high standard of proof.").

Plaintiff also alleges that defendant's collection letter violates section 1692e(2)(A), and subsections e(5), and e(10), which prohibit a debt collector from taking the following actions, respectively:

> (2) The false representation of . . . (A) the character, amount, or legal status of any debt; . . . .
>
> . . . .
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> . . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(2)(A), e(5), and e(10).

Because the court has found that defendant's letter stating that plaintiff's student loan debt was "ineligible for bankruptcy discharge" was not false, deceptive, or misleading, the claims under the more specific subsections e(2)(A), e(5), and e(10) must similarly fail. As detailed above, because defendant's collection letter stating that "[y]our account is NOT eligible for bankruptcy discharge and must be resolved" is not a false representation, but rather is an accurate characterization of the loan's legal status, the letter does not threaten action that cannot legally be taken (Item 1 at 9). The collection letter merely informs plaintiff that her account remains due and owing, and advises her that "[t]here are several voluntary options available to you including repayment arrangement, rehabilitation, compromise settlement and consolidation" (*id.*). Since plaintiff's student loan debt is not dischargeable in bankruptcy, defendant was justified in informing plaintiff of her available debt resolution options, and in no way can this statement be construed as threatening

action that cannot legally be taken; to the contrary, the loan was not discharged, and it remained due and owing. Based on this record, no reasonable jury could find that defendant's collection letter was false, deceptive, or misleading in violation of section 1692e and subsections e(2)(A), e(5), and e(10). Therefore, defendant is entitled to summary judgment dismissing these claims.

### B.     15 U.S.C. § 1692f

Section 1692f prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. However, "the unfair or unconscionable conduct alleged must be in addition to the acts that a plaintiff alleges violate other sections of the FDCPA." *Annis v. Eastern Asset Mgmt.*, 2010 WL 1035273, at *4 (W.D.N.Y. Mar. 18, 2010) (citing *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006)). Here, plaintiff does not allege additional conduct to support her section 1692f claim, but instead relies only on the conduct which forms the basis for her section 1692e claim; therefore, there is no violation of section 1692f.

Furthermore, the record demonstrates that defendant takes great care to ensure that the not-dischargeable-in-bankruptcy collection letter is sent only to debtors whose student loans have not been discharged in bankruptcy. As detailed above, when defendant's debt collectors learn that a student loan debtor has filed for bankruptcy, the debt collectors suspend collection activity and assign the account to an administrative resolution department to determine whether the student loan debt was discharged in bankruptcy (Item 28-7, at 32, 33). Defendant recommences collection proceedings only if the administrative resolution clerk finds that the bankrupt student loan debtor did not

initiate an undue hardship adversary proceeding to discharge the debt (*id.* at 33). Defendant carries out its student loan debt collection in a careful and organized manner, with oversight from a manager specifically assigned to the Department of Education contract (*id.* at 6). Defendant's collection methods, therefore, cannot be characterized as unfair or unconscionable.

Based on this record, and having drawn all reasonable inferences in plaintiff's favor, no rational juror could find in favor of plaintiff on her claim that defendant's means of collecting her student loan debt was unfair or unconscionable in violation of section 1692f. Therefore, defendant is entitled to summary judgment dismissing this claim.

## **CONCLUSION**

For the foregoing reasons, the court finds that plaintiff has failed to come forward with evidence of specific facts that raise a genuine issue for trial on any of the claims asserted in the complaint, and that defendant is entitled to judgment dismissing those claims as a matter of law. Accordingly, defendant's motion for summary judgment (Item 28) is granted, and the complaint is dismissed. Because summary judgment disposes of this case, the court will not address plaintiff's class certification motion.

The Clerk of the Court is directed to enter judgment in favor of defendant.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: July 7, 2011
p:\pending\2009\09-669.june17.2011