UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BERLINCIA EASTERLING, on behalf of
herself and all others similarly situated,

                Plaintiff,

    -vs-                                            09-CV-669-JTC

COLLECTO, INC., doing business as
Collection Company of America,

                Defendant .

---

## FINAL ORDER AND JUDGMENT

On July 23, 2009, plaintiff, Berlincia Easterling ("Plaintiff"), filed the above-captioned class action lawsuit (the "Lawsuit") against defendant, Collecto, Inc. ("Collecto"). Plaintiff asserted class claims against Collecto under the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. §1692, *et seq*.

Collecto denies any and all liability alleged in the Lawsuit.

On or about August 2, 2013, after extensive arms-length negotiations and discovery, Plaintiff ("Plaintiff" or "Class Representative") and Collecto (jointly referred to as the "Parties") entered into a Class Action Settlement Agreement (the "Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On September 3, 2013, the Parties filed the Agreement, along with their Motion for Preliminary Approval of Class Action Settlement (the "Preliminary Approval Motion"). Dkt. #61. In compliance with the Class Action Fairness Act of 2005, Pub. L . No. 109- 2, 119

Stat. 4, on September 12, 2013 Collecto served written notice of the proposed class settlement on the appropriate federal and state officials.

On September 11, 2013, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order").  Dkt. #62.  Pursuant to the Preliminary Approval Order, the Court, among other things, (I) preliminarily certified (for settlement purposes only) a class of plaintiffs (hereinafter referred to as the "New York Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff, Berlincia Easterling as the Class Representative; (iv) appointed Kenneth R. Hiller, Seth J. Andrews, and Brian L. Bromberg as Class Counsel; and (v) set the date and time of the Fairness Hearing.

On December 2, 2013, the Parties filed their Motion for Final Approval of Class Action Settlement (herein after referred to as the "Final Approval Motion").  Dkt. #66.

The Parties now request final certification of the settlement class under Fed. R. Civ. P. 23(b)(3) and final approval of the proposed class action settlement.

The Court has read and considered the Agreement, Final Approval Motion, and record.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

2. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

3.  **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23 (b)(3), the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of the following class of plaintiffs (the "New York Class Members") with respect to the claims asserted in the Lawsuit:

> All consumers residing in the State of New York to whom Collecto, Inc. mailed a letter in the form attached to the Complaint as Exhibit A, from July 23, 2008 to July 23, 2009.

4.  **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff, Berlincia Easterling, as the Class Representative, and attorneys Kenneth R. Hiller and Seth J. Andrews of LAW OFFICES OF KENNETH HILLER, PLLC, and Brian L. Bromberg of BROMBERG LAW OFFICE, P.C., as Class Counsel.

5.  **NOTICES** – Pursuant to the Court's Preliminary Approval Order, the approved class action notices were mailed to the New York Class Members. The form and method for notifying the New York Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the proposed notices were clearly designed to advise the New York Class Members of their rights.

6.  **FINAL CLASS CERTIFICATION** – The Court finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

   A.  The New York Class Members are so numerous that joinder of all of them in the Lawsuit is impracticable;

B. There are questions of law and fact common to the New York Class Members, which predominate over any individual questions;

C. The claims of the Plaintiff are typical of the claims of the New York Class Members;

D. The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the New York Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

7. The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the New York Class Members, especially in light of the benefits to the New York Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and, the limited a mount of any potential total recovery for the class.

8. SETTLEMENT TERMS – The Agreement, which is attached filed as Docket No. 61-2 and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The Parties are hereby directed to perform the terms of the Agreement.

9. <u>OBJECTIONS AND EXCLUSIONS</u> – The New York Class Members were given an opportunity to object to the settlement.  No New York Class Member objected to the settlement.  No New York Class Members requested exclusion.

10. This order is binding on all New York Class Members.

11. <u>RELEASE OF CLAIMS</u> – The Class Representative, New York Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims, except claims for attorneys' fees, costs, and expenses, against any of the Released Parties, as set forth in the Agreement.  Pursuant to the release contained in the Agreement, the Released Claims, except claims for attorneys' fees, costs, and expenses, are compromised, settled, released, and discharged, by virtue of these proceedings and this order.  The Parties agree, and the Court acknowledges, the Agreement and Release of Claims has no effect whatsoever on any potential Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227, *et seq.*, claims the putative class members may have against Collecto.  Furthermore, nothing contained herein shall impair or limit any right or cause of action by the class members to dispute the underlying debt or amount allegedly owed to Collecto Credit Corporation or its clients.

12. This order is not, and shall not be construed as, an admission by Collecto of any liability or wrongdoing in this or in any other proceeding.

13. The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the

settlement and this order, including the award of attorneys' fees, costs, and expenses to Class Counsel.

14. The Court awards to Class Counsel, attorneys' fees, costs, and expenses in the amount of $86,900.64, after reviewing Class Counsel's declarations for fees submitted to the Court.

15. Defendant is paying attorneys' fees, costs, and expenses in addition to the $105,000 being paid to the class and the $5,000 being paid to Berlincia Easterling.

17. <u>Entry of Judgment</u>.  There being no just reason to delay entry of this Judgment, the Clerk of the Court is ordered to enter this Judgment forthwith.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated:   December 19,  2013
p:\pending\2009\09-669.dec13.2013